IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JOHN A. HALEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO.2:16-cv-909-WKW-TFM |
| | ) | |
| MEGAN J. BRENNAN, Postmaster | ) | |
| General, United States Postal Service, | ) | |
| And DENISE A. CAMERON, | ) | |
| | ) | |
| Defendants. | ) | |

**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

On November 21, 2016, Plaintiff filed this action pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C § 2000e *et seq,* against multiple Defendants. (Doc. 1). On March 31, 2017, Defendants filed a Motion to Dismiss. (Doc. 17).[1] Thereafter, the Court referred this matter to the Pro Se Assistance Program, and on June 14, 2017, Plaintiff filed an Amended Complaint. (Doc. 20). On July 19, 2017, Defendants filed a Motion to Dismiss the Amended Complaint. (Doc. 24). This Court entered an Order requiring Plaintiff show cause on or before August 9, 2017 why this Motion was not due to be granted. (Doc. 26). Plaintiff failed to respond to this Order.

---

[1] By Order of June 27, 2017, this Court denied as moot Defendants' Motion to Dismiss (Doc. 23).

1

Thus, this Court entered a second Order requiring that on or before September 8, 2017, Plaintiff file a response to Defendants' Motion to Dismiss and also demonstrate good cause for his failure to comply with this Court's prior Order. (Doc. 27). In this Order, the Court also advised the Plaintiff as follows:

> **The plaintiff is specifically cautioned that if he fails to file a response as required by this order, the court will treat his failure as an abandonment of the claims set forth in the complaint and as a failure to prosecute his action and the undersigned will recommended that this case be dismissed for such failure.**

(*Id*.). Plaintiff again has failed to respond to the Order of this Court.

A sua sponte dismissal for failure to prosecute has long been recognized as within the power of the Court. *Link v. Wabash Railroad Co.,* 370 U.S. 626, 630-631 (1962) (Affirming lower court's dismissal of action where attorney failed to appear for pre-trial conference and the district court duly considered this failure "in light of 'the history of this litigation.'"). Indeed, the *Link* Court held that

> "[t]he authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."

The Court has reviewed the file to determine whether a less drastic measure than dismissal is appropriate in this case. After such review, it is clear that dismissal of this case is the proper course of action.

Indeed, the Court referred this matter to the PSAP program after which Plaintiff

filed an Amended Complaint. (Doc. 20). However, Plaintiff has failed to comply with the two orders of this Court requiring a response to Defendants' Motion to Dismiss the Amended Complaint filed on July 19, 2017. (Docs. 26 and 27). Further, the last Order contained express language warning Plaintiff of dismissal for his noncompliance. (Doc. 27). Thus, the Court concludes that dismissal is proper in this action, especially considering the cautionary language contained in the last order. *Moon v. Newsome,* 863 F. 2d 835, 837 (11th Cir. 1989) (As a general rule, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion.); *see also Tanner v. Neal,* 232 Fed. Appx. 924 (11th Cir. 2007) (affirming *sua sponte* dismissal without prejudice of inmate's § 1983 action for failure to file an amendment to complaint in compliance with court's order directing amendment and warning of consequences for failure to comply.) Accordingly, the Court concludes that this action is due to be dismissed without prejudice.

For the above stated reasons, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice. It is further

ORDERED that the Plaintiff file any objections to this Recommendation on or before **October 2, 2017.** Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties

are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

DONE this 18th day of September, 2017.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE